UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ZULEIMA RUBEO-VILCHIS, <br><br> Plaintiff, <br><br> v. <br><br> EDGAR AGUILAR HERRERA, <br><br> Defendant. | Case No. 3:25-CV-00315-ART-CLB <br><br> **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Zuleima Rubeo-Vilchis's ("Rubeo-Vilchis"), application to proceed *in forma pauperis* (ECF No. 1), and civil rights complaint (ECF No. 1-1). For the reasons stated below, the Court recommends that Rubeo-Vilchis's *in forma pauperis* application, (ECF No. 1), be granted, and her complaint, (ECF No. 1-1), be dismissed, for lack of subject matter jurisdiction.

I.     **IN FORMA PAUPERIS APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1]     This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Rubeo-Vilchis is unable to pay the filing fee. Accordingly, the Court recommends that the IFP application, (ECF No. 1), be granted.

## II.   SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6)

standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**III.    SCREENING OF COMPLAINT**

In her complaint, Rubeo-Vilchis is suing Defendant Edgar Aguilar Herrera, her ex-husband and biological father of her children. (ECF No. 1-1.) Rubeo-Vilchis states she has full legal and physical custody of her two daughters, but on October 31, 2024, Herrera left the country with the children and took them to Mexico. (*Id.* at 4.) Thus, Rubeo-Vilchis is seeking the return of her children to the United States. (*Id.*) Rubeo-Vilchis attaches a state court order granting a motion for sole legal and physical custody of the children and

an order to produce the children. (*See* ECF No. 1-3.) While Rubeo-Vilchis does not state the basis for this Court's jurisdiction, the Court understands the alleged facts to implicate the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention").

The Hague Convention is intended to "to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and ... to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." Hague Convention, art. 1, 19 I.L.M. 1501 (entered into force October 25, 1980).

The United States implemented the Convention through the enactment of the International Child Abductions Remedies Act ("ICARA"), codified as amended at 22 U.S.C. § 9001 et seq. Pursuant to that statute, a petition for return of a child is properly heard by "any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed." 22 U.S.C. § 9003(b). Therefore, a person seeking the return of a child under ICARA may file a petition in a court where the child is located. *Duarte v. Bardales*, 526 F.3d 563, 569 (9th Cir. 2008), abrogated on other grounds, *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). "Located" under ICARA does not require a showing of residency, but rather turns on the place where the child is physically present at the time of filing. *See Gee v. Hendroffe*, 2014 WL 60325, at *4–5 (D. Nev. Jan. 7, 2014) (discussing *Holder v. Holder*, 305 F.3d 854, 859 (9th Cir. 2002) and *Lops v. Lops*, 140 F.3d 927, 937 (11th Cir. 1998)). Hence, courts lack jurisdiction over ICARA claims when the child is in another country at the time the petition is filed. *See, e.g., Olagues v. Kousharian*, 117 Fed. Appx. 537, 538 (9th Cir. 2006) ("The district court properly dismissed this claim for lack of jurisdiction because at the time Olagues filed his action the children were in New Zealand"); *Espinoza v. Mattoon*, 2009 WL 1919297, at *2 (W.D. Wash. June 30, 2009) ("In this case, plaintiff's child is physically located in Canada. Accordingly, the Court lacks jurisdiction to hear this matter and plaintiff's complaint is subject to dismissal").

In this case, Rubeo-Vichis alleges her daughters have been taken to Mexico, but she now has full legal and physical custody. (ECF No. 1-1.) However, because Rubeo-Vichis's children were not physically located in the United States at the time she initiated this case, the Court lacks jurisdiction to hear her ICARA claim. Accordingly, the Court recommends that this case be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons stated above, the Court recommends that Rubeo-Vilchis's IFP application (ECF No. 1), be granted, and her complaint, (ECF No. 1-1), be dismissed.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS RECOMMENDED** that Rubeo-Vilchis's IFP application, (ECF No. 1), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1).

**IT IS FURTHER RECOMMENDED** that Rubeo-Vilchis's complaint, (ECF No. 1-1), be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED**, and judgment be entered accordingly.

**DATED**: June 30, 2025

UNITED STATES MAGISTRATE JUDGE